JEFFREY M. VETTER
CHAPTER 7 TRUSTEE
P.O. BOX 2424
BAKERSFIELD, CA 93303
(661) 809-6806

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

RAYMOND AND ROSALIE BROWN

Debtor(s).

Case No: 10-14723-A-7

Chapter 7

DC No. JMV-1

**MOTION FOR ORDER AUTHORIZING TRUSTEE TO SELL NON EXEMPT EQUITY OF PERSONAL PROPERTY TO THE DEBTORS**

Date:    July 29, 2010
Time:   1:30 pm
Place:  U.S. Bankruptcy Court
          1300 18th Street, Suite A
          Bakersfield, California
Judge:  Whitney Rimel

JEFFREY M. VETTER, Chapter 7 respectfully represents:

I.    INTRODUCTION

The trustee moves the Court for authority to sell non exempt equity of Personal Property, one 2004 Honda CRV ("the Personal Property") to Raymond and Rosalie Brown ("the Debtors") for $2,500.00. The trustee believes that the sale of the estate's interest in the Personal Property to the Debtors is in the best interest of the estate because (1) the sale price approximates what the Trustee believes he could obtain after an offer from a third party, after paying commissions and

secured creditor, (2) the Debtor has secured funding and has mailed a check to the Trustee in the amount of $2,500.00, (3) a sale to the Debtors eliminates delay and uncertainty that would occur if the Trustee were to market the property, thereby allowing the Trustee complete the administration of the Chapter 7 case filed by the Debtor sooner.

## II. FACTUAL BACKGROUND

1. Jeffrey Vetter is the duly appointed, qualified, and acting Trustee in the case.

2. The court has jurisdiction under 28 U.S.C. Section 1334 and 11 U.S.C. Section 363. This is a core matter under 28 U.S.C. 157(b) (2) (A) & (N).

3. The Debtors filed Chapter 7 on April 30, 2010.

4. A sale of the non exempt equity to the Debtors avoids the uncertainty of whether or not the Personal Property could be sold in a reasonable period of time, saves substantially on the costs of sale, and approximates what the Trustee believes he would receive from a third party buyer. Therefore, he believes it is in the best interest of the estate to sell the non exempt equity of the Personal Property to the Debtors for $2,500.00. The trustee has accepted the Debtors offer, subject to court approval.

6. The Debtors have mailed a check in the amount of $2,500.00 to the Trustee pending the approval of the Motion.

## III. CONCLUSION

Wherefore, the Trustee prays for an order providing that:

1. the Motion is granted;

2. the Trustee is authorized to sell the estate's non exempt equity in the Personal Property to the Debtors for $2,500.00.

3. the Trustee is authorized to execute all documents necessary to effectuate the sale

of non exempt equity of Personal Property to the Debtors for $2,500.00.

    4.    for such other relief as the court determines is just and proper.

Dated: 6/23/10

/s/ *[signature]*
Jeffrey M. Vetter
Chapter 7 Trustee

E-Filed by: Jeffery M. Vetter
661-809-6806
jeffreyvetter@hotmail.com